IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-5-1-BO

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>LARRY SESSION )<br>) | **ORDER** |

This cause comes before the Court on a motion by defendant, proceeding *pro se*, to review sentence pursuant to 18 U.S.C. § 3742(e). Defendant desires a resentencing based on his post-sentencing rehabilitation as evidenced by the nineteen certificates he has earned while incarcerated. 18 U.S.C. § 3742 does not, "grant jurisdiction to a district court to review a final sentence." *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993). Defendant further contends that *Pepper v. United States*, supports a reduction in his case, but the court in *Pepper* held that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing." 562 U.S. 476, 490 (2011). Here, defendant's sentence has not been set aside on appeal and his case has not been remanded for resentencing.

Defendant does not raise any issues with the soundness of his sentencing; he merely argues that his post-sentencing behavior entitles him to a sentence reduction at this point in time. Therefore, the Court does not construe his motion as one to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. However, defendant has articulated no authority that would allow

his sentence to be reduced pursuant to his post-sentencing conduct without a predicate re-opening of his final sentence. Accordingly, his motion [DE 32] is DENIED.

SO ORDERED, this 18 day of August, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE